IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

MIDDLE DISTRICT, MAY TERM 1835.

## Dellone *against* Rehmer.

When a party has so divested himself of interest that he cannot resume his title by compulsion of law, he is a competent witness.

A witness may testify though he believe himself interested; such belief, like an expectation of benefit depending on the honour of him who has been put in possession of the title, furnishes an objection to his credibility, and not to his competency.

ERROR to the district court of *York* county.

This was an action of debt on book account by Michael Dellone against Frederick Rehmer's administrator.

On the trial of this case Mary Rehmer was produced by the defendants as a witness; on her *voir dire* she said, " I have nothing to get out of this suit, which ever way it may go." What did your mother give you for this release ? " I can't tell: I suppose about 500 dollars: I would have been willing to take that amount at my father's death: I have received nothing as yet: I am not affected by this claim: I am to get as much one way as another: I have nothing to pay towards the expenses of it, and nothing to expect from it. I signed the release to make me as a stranger in this suit: if the suit goes right, the other children will have no more than myself."

An assignment and release were produced before the preceding

IV.—B

[Dellone v. Rehmer.]

examination, which were executed by the witness and mother respectively; and the plaintiff's counsel here requested the court to note their objection to the evidence of the witness on the ground of interest. This assignment was read :

" In consideration of one dollar paid us, we Mary Rehmer, and John Diehl and Lydia Diehl his wife, do hereby grant, bargain and sell unto Elizabeth Rehmer, widow, absolutely all our right, share, interest, to and out of the estate, real and personal, of our father, Frederick Rehmer deceased. Witness our hands and seals this 14th day of May 1833."

At the same time the following was given in evidence.

" I acknowledge myself to be held and firmly bound unto Mary Rehmer in the sum of 1000 dollars, well and truly to be paid on the following conditions. That I will, in one year after date, pay to said Mary a sum of money equal to her share of the estate of her father, after deducting out of said estate as much money as will amount to the whole debt claimed, interest and costs of all parties in the suit of Dellone *v.* Rehmer's Administrators, in whatever way the same may be decided. And if I do, then this obligation to be void.

" Witness my hand and seal the 14th of May 1833.

her

" Elizabeth × Rehmer."

mark

Mary Rehmer was then sworn in chief, and gave evidence.

Error assigned.

The court erred in admitting the testimony of Mary Rehmer ; she being interested in the event of this cause, notwithstanding the execution of the assignment by her.

*R. Fisher* and *Anderson*, for plaintiff in error, cited 3 *Johns. Ca.* 82 ; Hayes *v.* Grier, 4 *Binn.* 83 ; Stockham *v.* Jones, 10 *Johns. Rep.* 21.

*Evans,* for defendant in error.

Per Curiam.—Where a party has so divested himself of interest that he cannot resume his title by compulsion of law, he is competent. It is the existence in him of a title exclusively subject to his own control, that disqualifies him. Where it in fact does not exist, he may testify though he believe himself interested ; such belief, like an expectation of benefit depending on the honour of him who has been put in possession of the title, furnishing an objection to his credibility, and not to his competency. The converse of the principle precludes one, who erroneously thinks himself disinterested, from being heard. Was there an interest in the witness here, by virtue of a title which she could enforce against the assignee ? By her assignment she had parted, for every legal purpose, with her entire share of her father's estate ; and what was she to get for it ? A sum of money equal to

[Dellone v. Rehmer.]

what her share would have been, having first deducted from the gross amount a sum equal to the debt and interest claimed in this action, together with the costs of all parties. This surely left her free from any interest that could be affected by a recovery. A sale of her interest, for a definite sum, would certainly have put her beyond the chance of loss or gain; and here the sale was for a sum capable of being rendered certain. She was, therefore, properly received.

Judgment affirmed.